Ricardo Lloyd JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 164–91.

Court of Criminal Appeals of Texas, En Banc.

Feb. 26, 1992.

John D. Nation, Dallas, for appellant.

John Vance, Dist. Atty., and Robert P. Abbott and Michael Uhl, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETION REVIEW

WHITE, Judge.

The State charged appellant with aggravated possession of cocaine with the intent to deliver.[1] Appellant waived his right to a jury trial and pled not guilty. The trial court convicted him of the charged offense, and assessed his punishment at 50 years' confinement[2] in the Texas Department of Corrections.[3]

On appeal, appellant argued that the trial court erred when it overruled his motion to suppress the cocaine. Appellant contended that the police had insufficient facts before them to justify a temporary investigative detention of him. The Court of Appeals agreed with appellant. The majority opinion set out:

"The flaw in the State's case is that none of the circumstances preceding the officer's detention of appellant justified a reasonable suspicion that he was involved in criminal conduct."[4]

The Court of Appeals also rejected the State's argument that appellant voluntarily abandoned his handgun and the cocaine, thereby giving rise to probable cause to arrest him. 802 S.W.2d 325.[5]

Justice Rowe dissented to the majority opinion, criticizing the majority for failing to analyze the totality of the circumstances to determine if there were sufficient articu-

1. TEX.HEALTH & SAFETY CODE ANN. § 481.-102(3)(D), and § 481.112(a) & (c).

2. TEX.HEALTH & SAFETY CODE ANN. § 481.-112(d)(1).

3. Now, the Texas Department of Criminal Justice, Institutional Division.

4. *Johnson v. State,* 802 S.W.2d 325, at 329 (Tex. App.—Dallas, 1990).

5. *Johnson v. State,* 802 S.W.2d, at 330.

lable facts to justify temporary detention of appellant.[6] We will remand the instant case to the Court of Appeals.

We have reviewed the record of the trial before the court and find that the majority opinion of the Court of Appeals accurately recounted the facts of the instant case.[7]

However, at the time the Court of Appeals rendered its decision, it did not have the benefit of the recent case of *California v. Hodari, D.*[8] The State reviews *Hodari, D.,* in its brief to this Court, citing it for support of its argument that the police had sufficient articulable facts before them to justify the temporary detention of appellant.

In *Hodari, D.,* the Supreme Court confronted a fact situation wherein the defendant fled when he saw the approach of a police car. The police then pursued the defendant, on the belief that his flight justified their decision to pursue and detain him. The Supreme Court explained that the police pursuit of the defendant did not establish a "show of authority" sufficient to constitute a seizure, that an "uncomplied-with show of authority was not a common-law arrest".[9] Therefore, the defendant's action abandoning the cocaine "while he was running was in this case not the fruit of a seizure."[10] The Supreme Court also implied that flight alone may be sufficient to justify a temporary detention of a suspect, but that it was not necessary at that time to decide that issue.[11]

We vacate the court's judgment and remand this cause for the Court of Appeals to reconsider appellant's suppression argument by reviewing the totality of the circumstances of appellant's arrest in light of *California v. Hodari, D.*

It is so ordered.

---

**6.** *Johnson v. State,* Justice Rowe dissenting, 802 S.W.2d, at 331.

**7.** *Johnson v. State,* 802 S.W.2d, at 327.

**8.** —— U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

**9.** *California v. Hodari, D.,* 111 S.Ct., at 1550–1551.

**10.** *California v. Hodari, D.,* 111 S.Ct., at 1552.

**11.** *California v. Hodari, D.,* 111 S.Ct., note 1, at 1549.