The STATE of Texas, Appellant,

v.

John Jerrell ROSE, Appellee.

No. 12–92–00036–CR.

Court of Appeals of Texas, Tyler.

Dec. 30, 1992.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellant.

Frank W. Henderson, Tyler, for appellee.

Before RAMEY, C.J., and COLLEY and BILL BASS, JJ.

BILL BASS, Justice.

Appellee Rose has been indicted for possession of a controlled substance, cocaine, in an amount less than twenty-eight (28) grams. Appellee moved to suppress evidence of the cocaine. The motion to suppress was granted and the State appealed. The order suppressing the evidence will be vacated, and the cause remanded to the trial court.

While patrolling an area notorious for drug trafficking, Officer Bart Lemons noticed Rose standing in the intersection of Wilson and Ellis street. Lemons was a four year veteran of the Tyler Police Department, and he had observed mid-street drug sales before. Lemons testified that Rose was standing in the middle of the street like a drug dealer. Lemons approached Rose and told him he wanted to talk to him. Rose did not respond, but turned and walked into a driveway. Once again, Lemons asked Rose to stop. Lemons did not draw his gun or "command" Rose to halt or stop, nor did Lemons tell him that he was under arrest. Another officer, John Brown, now approached Rose from the opposite direction. At this time, Rose withdrew a small piece of white tissue from his left coat pocket and threw it on the ground. Lemons immediately asked Brown to stop Rose. The officers found one rock of crack cocaine in the tissue that Rose threw down before he was stopped.

The State argues that the trial court erred in suppressing the evidence because Rose voluntarily abandoned the property before he was arrested. Alternatively, the State contends that the seizure of the co-

caine was the product of a lawful temporary investigation.

Rose contends that he did not abandon the cocaine voluntarily, but only in response to police misconduct. Rose argues that the police officers had no probable cause to arrest him nor did they possess any reasonable basis for a temporary investigative stop.

The facts of this case are similar to those in *California v. Hodari D.*, — U.S. —, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), and we conclude that the holding in *Hodari D.* governs the disposition of this case.

In *Hodari D.*, the defendant and four or five other young people were gathered around a red car in a high crime area of Oakland, California. When they saw a police car approaching, the youths fled. One officer pursued Hodari on foot. Just before the officer caught up with him, Hodari threw down what appeared to be a small rock. A moment later, the pursuing officer tackled him. The discarded "rock" proved to be cocaine. The California Court of Appeals reversed Hodari's conviction because Hodari had been effectively seized when he saw the officer running toward him. The State conceded that the officers pursuing Hodari did not have "the reasonable suspicion required to justify stopping Hodari." Therefore, the California Court of Appeals concluded that the seizure was unreasonable under the Fourth Amendment and the evidence had to be suppressed as the fruit of that illegal seizure. Nevertheless, the Supreme Court of the United States reversed the California Court of Appeals and remanded the cause, holding that "an arrest requires *either* physical force *or*, where that is absent, *submission* to the assertion of authority." *Hodari D.*, — U.S. at —, 111 S.Ct. at 1551 (emphasis in orig.). There was no seizure where there is no compliance with the assertion of authority by the police. *Id.*

In our case, just as in *Hodari D.*, when Rose threw down the cocaine there had been no submission to an assertion of authority, nor had there been any application of physical force by the police.

It is clear that the trial judge suppressed the evidence relying on Texas Court of Criminal Appeals cases theretofore holding that when police misconduct causes the abandonment of contraband, the abandonment is not voluntary and the resulting seizure is illegal. *See e.g., Salcido v. State*, 758 S.W.2d 261 (Tex.Cr.App.1988). If the officers lacked the reasonable suspicion required to initiate an investigatory stop, their attempt to stop Rose for questioning would constitute misconduct which, before *Hodari D.*, would render involuntary Rose's relinquishment of the cocaine during his retreat from the officers. In interpreting the TEXAS CONSTITUTION's prohibition of unreasonable searches and seizures, the Texas Court of Criminal Appeals is not bound to follow the United States Supreme Court's interpretation of the Fourth Amendment, so long as they do not subtract from the rights guaranteed Texans by the U.S. CONSTITUTION. *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991).

Even after *Hodari D.*, it might still have been argued that Texas Courts must follow the stricter Texas case law when confronted with an evidentiary challenge based upon Art. I, section 9 of the TEXAS CONSTITUTION. However, in February of this year, the court of Criminal Appeals delivered its opinion in *Johnson v. State*, 825 S.W.2d 126 (Tex.Cr.App.1992), remanding the cause to the Court of Appeals with instructions to reconsider the defendant's suppression arguments in the light of *Hodari D.* We believe that this demonstrates that *Hodari D.* should be followed in weighing challenges under both the State and Federal Constitutions.

Therefore, we need not decide whether the circumstances preceding Lemons' attempt to question Rose justified a reasonable suspicion that he was involved in criminal activity. Rose threw down the cocaine while still retreating from the officers, before submission to the officers' "show of authority," and before the application of any physical force to effect the stop. The cocaine was not seized, but abandoned voluntarily, and the evidence of it should not have been suppressed.

The trial court did not have the benefit of the Court of Criminal Appeals' decision in *Johnson v. State, supra,* and failed to apply the applicable law announced in *Hodari D.* to the facts of this case. Therefore, the order suppressing the evidence must be set aside. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Cr.App.1990).

The order suppressing the evidence of cocaine is vacated, and the cause remanded to the trial court for further proceedings.