DeFreeze v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-104-CR





JOSEPH DEFREEZE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 


 


 

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 92-4458, HONORABLE JON N. WISSER, JUDGE PRESIDING



 



 

 Over a plea of not guilty, the trial court found appellant Joseph DeFreeze guilty
of possession of a controlled substance, to wit: cocaine. See Tex. Health & Safety Code Ann.
§ 481.002(38) (West 1992) and Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1,
§ 481.115(a), 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann. § 481.115(a),
since amended). The trial court sentenced DeFreeze to five-years imprisonment. He appeals. 
We will affirm the conviction.



THE CONTROVERSY


 On August 12, 1992, appellant Joseph DeFreeze was standing on a sidewalk in an
area notorious for drug trafficking. Three uniformed police officers, Derrick Galloway, Don
Mayes and M. Turner, were cruising the area in an unmarked car. The officers saw DeFreeze
approach a car stopped by a curb, duck quickly into the car's passenger window, then step back
from the car as it was driven away. The officers, thinking DeFreeze's actions indicated a street-drug sale, drove toward him.

 As the officers approached DeFreeze, another car appeared, slowing as it
approached DeFreeze. Noticing the approaching police car, DeFreeze waved the slowing car
forward, turned his back to the police car and began to walk away. The police pulled to the curb. 
Officer Galloway stepped from the car and, without speaking to DeFreeze, began to move toward
him. DeFreeze continued walking, his left hand clenched and held to his side. DeFreeze swung
his left arm across his body, away from the street and toward the grassy area next to the sidewalk. 
As discussed below, Officers Galloway and Mayes described the gesture as a "throwing or
pitching" motion. When DeFreeze brought his arm back to its original position resting against
his side, his hand was no longer balled into a fist. Galloway thought DeFreeze was tossing away
illegal drugs. Galloway ran to DeFreeze, handcuffed him and searched the area near where
DeFreeze made the gesture. After a search of less than a minute, Officer Galloway came across
two small "rocks" of cocaine (a total of 17 mg.). DeFreeze was indicted, tried and convicted for
possession of cocaine. 



POLICE MISCONDUCT


 DeFreeze, in his first four points of error, argues the police acted improperly, and
if indeed the cocaine was abandoned, it was abandoned as a result of police misconduct and
therefore not properly admissible into evidence. 

 The standard for reviewing abandonment is: 1) a defendant must intend to abandon
property, and 2) a defendant must freely decide to abandon the property; the decision must not
be merely the product of police misconduct. Hawkins v. State, 758 S.W.2d 255, 257-58 (Tex.
Crim. App. 1988). Accordingly, we must review the conduct of the police to determine if they
acted outside their authority.

 DeFreeze argues the police officers constructively arrested him when they stopped
by the curb and left their car--this behavior telegraphed to DeFreeze that he was the focus of an
impending seizure. Once DeFreeze realized seizure was imminent, he was legally and effectively
in police custody. No evidence exists which supports the premise that appellant's actions were
prompted by his fear of arrest; DeFreeze did not testify. We will consider the argument
nevertheless.

 To make a warrantless arrest and seizure, police must have probable cause. Vasquez
v. State, 739 S.W.2d 37, 44 (Tex. Crim. App. 1987). The standard for determining probable
cause for a warrantless arrest is whether "the knowledge of the arresting officer is based upon
reasonably trustworthy information that would warrant a reasonable and prudent person in
believing that a particular person has committed or is committing a crime." Id. In this case,
Officer Galloway, by testifying that he approached appellant in the hope of developing probable
cause, essentially admitted that no probable cause existed. Therefore, should we determine that
an arrest was made, the lack of probable cause would render that arrest invalid.

 Appellant makes his argument solely under article I, section 9 of the Texas
Constitution. He makes no arguments at all under the mirroring provisions found in the Fourth
Amendment of the U.S. Constitution. Texas courts, when analyzing and interpreting the search
and seizure provision of the Texas Constitution, will not be restricted by the United States
Supreme Court decisions addressing comparable Fourth Amendment issues. Heitman v. State,
815 S.W.2d 681 (Tex. Crim. App. 1991). Presumably, this means that Texas courts may apply
a different analysis to article I, section 9, than that employed by the Supreme Court to the Fourth
Amendment. But see Matthew W. Paul & Jeffrey L. Van Horn, Heitman v. State: The Question
Left Unanswered, 23 St. Mary's L.J. 929 (1992) (arguing that framers of the Texas Constitution
did not envision a different analysis and did not intend to provide more stringent search and
seizure protections than those in the U.S. Constitution).

 The court of criminal appeals has provided very little guidance as to how the Texas
courts are to proceed with this independent analysis. See Heitman, 815 S.W.2d at 691
(McCormick, P.J., dissenting); Paul & Van Horn, supra. The court of criminal appeals has
indicated that it will show great deference to the United States Supreme Court. See Johnson v.
State, 825 S.W.2d 126 (Tex. Crim. App. 1992). In Johnson, a search and seizure case, the
court of criminal appeals vacated the judgment of the Dallas court of appeals, and remanded the
cause with instructions for the Dallas court to reconsider its opinion in light of the United States
Supreme Court's decision in California v. Hodari D., 499 U.S. 621 (1991). In Hodari D., the
Supreme Court held that a show of authority disregarded does not constitute a seizure; one is
seized when (1) he is subjected to a show of authority and yields, or (2) law enforcement officers
apply physical force to limit a citizen's movements. Id. at 626. 

 On remand, the Dallas court of appeals, in an attempt to determine how to apply
article I, section 9 in light of Hodari D. in particular and Supreme Court holdings in general,
engaged in a lengthy analysis of that article's historical application. Johnson v. State, 864 S.W.2d
708 (Tex. App.--Dallas 1993, pet. granted). In its analysis, the Johnson court found no case in
which the court of criminal appeals held a search and seizure to be valid under the Fourth
Amendment, but invalid under Article I, Section 9. Id. at 718. The Dallas court, after analysis
of article I, section 9, determined that the conclusion reached by the Supreme Court in Hodari D.
was consistent with Texas public policy and Texas decisions involving investigatory detentions. 
Accordingly, the Johnson court adopted the Hodari D. analysis.

 We have conducted our own inquiry, and have found only one instance when the
court of criminal appeals has departed from traditional Fourth Amendment analysis. Richardson
v. State, 865 S.W.2d 944 (Tex. Crim. App. 1993). In Richardson, the court determined that use
of a pen register (a device which records the numbers of outgoing phone calls) constitutes a search
and seizure under article I, section 9. This decision differs from that reached by the United States
Supreme Court. Smith v. Maryland, 442 U.S. 735 (1979) (installation of pen register is not a
search).

 We have also surveyed the other courts of appeals in our state, and find no instance
when they have departed from traditional Fourth Amendment principles. Indeed, we cannot find
any instance when another court of appeals has interpreted article I, section 9 in a manner
different from the analysis usually applied to the Fourth Amendment. Finally, several appellate
courts have held that article I, section 9 should be interpreted in a manner consistent with the
Fourth Amendment, and have explicitly recognized and adopted the standards promulgated in
Hodari D. See Aitch v. State, No. C14-92-00264-CR, slip op. (Tex. App.--Houston [14th Dist.]
May 12, 1994); State v. Rose, 844 S.W.2d 911 (Tex. App.--Tyler 1992, no pet.).

 Based upon the foregoing, we agree with the Dallas court's analysis. We believe
article I, section 9 of the Texas Constitution should be interpreted in a manner consistent with the
Fourth Amendment. Furthermore, we adopt the Hodari D. standard as the appropriate method
for determining the point of arrest. Therefore, a seizure has occurred if (1) the police officer
makes a show of authority which would lead a reasonable innocent person to believe that he was
not free to leave, and (2) the show of authority has a coercive effect; that is, the suspect must stop
and not flee the scene. No seizure occurs where the suspect does not comply with the assertion
of authority by police.

 Applying the first part of the test, we find the police made no show of authority
which would lead a reasonable innocent person to believe he was not free to leave. The officers
merely pulled to the curb and left their vehicle as the defendant walked away. The officers did
not call to DeFreeze and order him to stop; they did not attempt to detain him physically. 
DeFreeze continued on his way without interference. Consequently, we hold DeFreeze was not
seized before his abandonment of the contraband. Because we find the police made no show of
authority, we need not discuss the second part of the test.

 We overrule DeFreeze's first four points of error.



AFFIRMATIVE LINK ANALYSIS


 In his fifth point of error, appellant argues the necessary affirmative links
connecting DeFreeze to the cocaine are not shown by sufficient evidence. We disagree.

 In reviewing the sufficiency of the evidence supporting a conviction, the relevant
question is whether, after reviewing the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the criminal offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Fuller v. State, 827 S.W.2d 919,
931 (Tex. Crim. App. 1992); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). If there
is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes the
evidence, this Court cannot reverse the judgment on sufficiency-of-evidence grounds. Gilbert v.
State, 874 S.W.2d 290 (Tex. Crim. App. 1994); Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988).

 In order to establish the offense of unlawful possession of a controlled substance,
the State must show (1) the accused exercised care, control and management over the contraband;
and (2) he knew what he possessed was contraband. Gilbert v. State, 874 S.W.2d 290 (Tex.
Crim. App. 1994); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). When the
accused is not in exclusive possession of the place where the substance is found, knowledge and
control can be established by independent facts and circumstances which affirmatively link the
accused to the contraband. Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981).

 This Court has collected the factors identified by the court of criminal appeals as
tending to establish affirmative links between an accused and contraband. See Whitworth v. State,
808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd); Trejo v. State, 766 S.W.2d 381, 384-85 (Tex. App.--Austin 1989, no pet.). From our review of those factors, we conclude sufficient
affirmative links were shown in the evidence to permit the court's finding.

 The relevant and undisputed factors reflected in this record include: (1) Officers
observed DeFreeze ducking into a car in an area notorious for drug trafficking. As Officer
Galloway testified, drug exchanges are usually made quickly, with the person on the street leaning
into the car, exchanging the drugs for cash, and stepping away from the car; (2) Upon noticing
the police, DeFreeze waved away a second approaching car; (3) Police saw DeFreeze throw
something; (4) two "rocks" of crack cocaine were found on the ground where DeFreeze made the
tossing motion; (5) the contraband was in plain view; (6) DeFreeze was the only person in the
area. The number of factors present is less important than the logical force of those factors, alone
or in combination, in establishing the elements of the offense. Whitworth, 808 S.W.2d at 569;
Trejo, 766 S.W.2d at 385.

 We find the evidence sufficient. Appellant's fifth point of error is overruled.



EVIDENCE OF TAMPERING


 In his sixth point of error, appellant argues the crack cocaine admitted into evidence
bore signs of tampering. The standard of review is abuse of discretion. Simmons v. State, 622
S.W.2d 111 (Tex. Crim. App. 1981). We find no merit to the appellant's claim. 

 The police confiscated two "rocks" of cocaine; at trial however, the cocaine the
State introduced consisted not of two "rocks" but of several smaller "rocks" as well as some
powdered cocaine. Appellant contends that this discrepancy between the confiscated cocaine and
the cocaine introduced at trial implies tampering. We disagree.

 It is reasonable to conclude that the fragmentation of the cocaine resulted from the
testing procedures the police employed to determine if the substance was in fact cocaine. Officer
Galloway testified that the standard method for testing for cocaine requires that the tester break
off a piece of the substance. The police tested twice the substance abandoned by DeFreeze: once
in the field upon confiscation, and once in the police laboratory. Such repeated testing requires
the fragmenting of the cocaine and explains the splintering of the two "rocks." We find no
evidence of tampering, and consequently, we overrule appellant's sixth point of error.



IMPERMISSIBLE OPINIONS


 In his final point of error, appellant asserts that the trial court erred by allowing
Officers Galloway and Mayes to testify they believed DeFreeze's ambiguous arm gesture was a
"throwing or pitching" motion. Appellant argues that admission of this testimony violates Texas
Rule of Evidence 701. Admission of the testimony depends upon the discretion of the trial judge.

 "A police officer may give an opinion concerning physical facts he has observed
which are within his experience." Smith v. State, 683 S.W.2d 393 (Tex. Crim. App. 1984). 
Officer Galloway had been a police officer involved in narcotics work for over five years; Officer
Mayes for over eleven years. Both have seen drug-traffickers throw down narcotics for fear of
seizure. Testifying that DeFreeze's arm motion looked like a "throwing or pitching" motion was
shown to be within the realm of the officers' experience. In consequence, the trial court did not
err when it allowed the opinions to be introduced. We overrule appellant's seventh and final point
of error.

 Finding no error, we affirm the trial court's judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and Aboussie

Affirmed

Filed: September 14, 1994

Do Not Publish