Marc WHITWORTH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–90–065–CR.

Court of Appeals of Texas, Austin.

April 10, 1991.

Motion to Publish Opinion Granted April 17, 1991.

Donald W. Bankston, Richmond, for appellant.

Ronald Earle, Dist. Atty., Jesse Murga, Asst. Dist. Atty., Austin, for the state.

Before POWERS, ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellant Marc Whitworth was indicted and arrested for felony aggravated possession of marijuana greater than fifty pounds but less than two hundred pounds. Tex. Health & Safety Code § 481.121(d)(1) (Pamph.1991). Whitworth pleaded not guilty to the offense. Evidence was presented to the court, which found Whitworth guilty of the offense. Whitworth was assessed a ten-year probated sentence in the Texas Department of Criminal Justice, Institutional Division, and was fined $5,000.00, $3,000.00 of which was probated.

Whitworth appeals, alleging in one point of error that the evidence presented at trial was insufficient to establish that he had possession of the marijuana in question. We will affirm the judgment of the trial court.

## THE EVIDENCE

Uncontradicted testimony was given by two security guards for the Marriott at the Capitol Hotel and five persons associated with the Austin Police Department. James Peel, a security guard for Capitol Marriott, testified that he was guarding the hotel's parking garage on May 26, 1989. At approximately 11:00 p.m., he noticed that the trunk of a parked vehicle was open eight to ten inches. No one was around the vehicle at the time. Peel and a fellow Marriott security guard, Michael Hayes, both testified that Marriott had a policy that allowed security guards to inspect unoccupied, open vehicles in order to ensure that no one had

tampered with the vehicle. Peel stated he could smell a "very strong" odor of marijuana emanating from the trunk. Peel then testified that he lifted open the trunk of the car and, underneath a pink blanket, found bales of what appeared to be marijuana.

Police Officers Boydston and Cockman testified that they, along with an Officer Foster, were at the Capitol Marriott serving as guards for a high school prom on the same evening. Officer Boydston testified that the smell of the marijuana was "real strong," and Officer Cockman testified that he could smell the marijuana when he was four to five feet away from the trunk of the vehicle.

After a brief discussion, the officers lowered the trunk to the position it had been in before the initial investigation by the security guards. Cockman and Foster continued to observe the vehicle from a distance. Peel, Hayes, and Boydston left to call for assistance from the narcotics division of the Austin Police Department. Cockman testified that, five minutes later, he and Foster saw two men walk directly to the vehicle. Cockman stated that Whitworth put a key in the lock of the trunk, appeared to unlock the trunk, lifted the trunk, and placed two briefcases in the trunk of the car. Whitworth's companion, Hector Garcia, placed a duffle bag in the trunk, and Whitworth slammed the trunk shut. Whitworth then began advancing toward the driver's side of the car, while Garcia approached the passenger's side of the car. It was at this time—after the trunk was closed but before Whitworth and Garcia unlocked and entered the passenger compartment of the vehicle—that they were arrested by Officers Cockman and Foster. Cockman testified that, when approached by the officers, Whitworth "rolled his eyes, sort of shrugged his shoulders and threw the keys up in ... the air."

Boydston, Peel and Hayes returned to the vehicle immediately after the arrest. Boydston testified that Whitworth did not appear to be intoxicated and did not smell of marijuana. No narcotics were found on Whitworth, and no personal effects belonging to Whitworth were found in the interior of the vehicle. No contraband was found in either of the briefcases or the duffle bag.

The vehicle in question proved to be a rental car registered to Alamo Rental Cars. The vehicle was rented to a John Finley of Houston, Texas. The State made no effort to connect Finley and appellant Whitworth.

Officer Edwin Booth and chemist Bob Urbanovsky testified regarding the nature of the bales found in the trunk of the vehicle. Five bales of marijuana, weighing a total of 94.5 pounds, were taken from the vehicle. The marijuana had a "stout smell," even when contained within the bales. No fingerprints were found on the bales.

Based on this evidence, the court found Whitworth guilty of possessing over fifty but not more than two hundred pounds of marijuana.

## DISCUSSION AND HOLDING

### 1. Applicable Law

The trial court's finding of guilt rests entirely on circumstantial evidence. We therefore inquire whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt; and whether the evidence as a whole permitted the fact finder reasonably to conclude that every reasonable hypothesis, other than Whitworth's guilt, had been excluded. *See Martin v. State*, 753 S.W.2d 384, 387 (Tex.Cr.App.1988); *Moore v. State*, 532 S.W.2d 333, 337 (Tex.Cr.App. 1976).

When an accused is charged with unlawful possession of a controlled substance, the state must prove first, that the defendant exercised actual care, custody, control, or management over the contraband and second, that he knew the matter possessed to be contraband. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Cr.App. 1985); *Heltcel v. State*, 583 S.W.2d 791, 792 (Tex.Cr.App.1979). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware

of the nature of his conduct or that circumstances exist. Tex.Pen.Code Ann. § 6.03(b) (1974); *Humason v. State,* 728 S.W.2d 363, 365 (Tex.Cr.App.1987).

■■■ Proof of possession may be shown by circumstantial evidence if the circumstances exclude every other reasonable hypothesis except that of the guilt of the accused. Proof which amounts only to a strong suspicion or mere probability is insufficient to support a conviction. *Humason,* 728 S.W.2d at 366; *McGoldrick,* 682 S.W.2d at 577–78. Possession of contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. However, when the accused is not in exclusive possession of the place where the substance is found, there must be additional independent facts and circumstances which *affirmatively link* the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *Martin,* 753 S.W.2d at 387; *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Cr.App.1981). The affirmative link customarily emerges from an orchestration of several of a list of factors and the logical force they have in combination. *Trejo v. State,* 766 S.W.2d 381, 385 (Tex.App.1989, no pet.). Mere presence at a place where contraband is being used or possessed by others does not justify a finding that a person is a party to an offense. *Martin,* 753 S.W.2d at 387.

■■■ The Court of Criminal Appeals has identified factors tending to establish the essential elements of the offense. Factors to be considered include whether: (1) the contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) the place where the contraband was found was enclosed; (7) the strong odor of marijuana was present; (8) paraphernalia to use the contraband was in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the accused had a special connection to the contraband; (11) occupants of the automobile gave conflicting statements about relevant matters; (12) the physical condition of the accused indicated recent consumption of the contraband found in the car; (13) traces of the contraband were found on the accused; and (14) affirmative statements connect the accused to the contraband.[1] Certain of these factors may bear on the care, custody, control or management element of the offense. Others may bear on knowledge. Some may be relevant to both. The number of factors present is of less import than the logical force the factors have, alone or in combination, in establishing the elements of the offense. *Trejo,* 766 S.W.2d at 385.

The logical force of a set of factors depends upon the degree to which they tend affirmatively to link an accused to the contraband. Each case must be reviewed on its own facts for evidence of sufficient affirmative links in a particular case. *Humason,* 728 S.W.2d at 367, n. 12.

**2. Care, Custody, Control or Management**

■■■ In Whitworth's case the evidence showed the following factors: (1) the marijuana was found in the trunk of an automobile; (2) the strong odor of marijuana was present; (3) Whitworth's conduct indicated a consciousness of guilt; and (4) Whitworth had a key to the trunk of the vehicle, which demonstrates a special connection to the contraband.

1. *See Lewis v. State,* 664 S.W.2d 345, 349 (Tex. Cr.App.1984) (factors one, two, five, seven, eight, and nine); *Gutierrez v. State,* 628 S.W.2d 57, 60 (Tex.Cr.App.1982) (conduct of accused evidenced guilty conscience sufficient, along with other factors, to sustain conviction); *Deshong,* 625 S.W.2d at 329 (factors one through six were present); *Sanchez v. State,* 589 S.W.2d 422, 423 (Tex.Cr.App.1979) (factors one and eight were present); *Moulden v. State,* 576 S.W.2d 817, 818, 820 (Tex.Cr.App.1978); (factors seven, ten, and fourteen were present); *Duff v. State,* 546 S.W.2d 283, 287 (Tex.Cr.App.1977) (factors four, six, seven and eleven were present); *Sanders v. State,* 482 S.W.2d 648, 651 (Tex.Cr.App. 1972) (factors five and fourteen were present); *McGaskey v. State,* 451 S.W.2d 486, 487 (Tex.Cr. App.1970) (factor twelve was present).

We believe the court might infer the requisite element of actual care, custody, control or management, beyond a reasonable doubt, from the factors listed in the preceding paragraph. The strong odor of marijuana was present from four to five feet away from the vehicle. Whitworth approached the vehicle, inserted a key which apparently fit the keyhole to the trunk, placed baggage into the trunk, and slammed the trunk shut. Possession of a key to a location at which contraband is found reasonably implies control over the contraband contained within that location. *Christopher v. State*, 639 S.W.2d 932 (Tex. Cr.App.1982). Furthermore, Whitworth's actions at the time of arrest, which consisted of rolling his eyes, shrugging his shoulders, and tossing his keys into the air, indicated what may be interpreted as a consciousness of guilt.

### 3. Knowledge

██ Whether Whitworth knew that marijuana was in the trunk involves a two-pronged inquiry: (1) do the facts and circumstances affirmatively link him to the contraband in the trunk in such a manner that it can be concluded he had knowledge of its presence and its forbidden nature; and (2) do they exclude every reasonable exculpatory hypothesis. *See Trejo*, 766 S.W.2d at 384.

The factors most strongly supporting an inference that Whitworth knew the nature of what he possessed include: (1) the large quantity of marijuana found in the trunk; (2) the strong scent of marijuana around the trunk; (3) Whitworth's close proximity to the marijuana; and (4) Whitworth's reaction to being arrested. Any one of these factors alone, and all of them in combination, can be viewed as evidencing guilty knowledge about the presence and nature of the contraband and would support the court's conclusion to that effect.

In the aggregate, the factors present in this case exclude every reasonable hypothesis other than guilt. There is no evidence that anyone other than Whitworth controlled access to the trunk of the vehicle. Thus, there is no evidence to support an inference that someone else put the marijuana in the trunk without Whitworth's knowledge. The only reasonable hypothesis, given the facts in this case, is that Whitworth knew the contraband was in the trunk of the car and that he knew what it was.

We hold the evidence sufficient to support the court's verdict that, beyond a reasonable doubt, Whitworth exercised care, custody, control or management of the marijuana and that he knowingly possessed the marijuana. The point of error is overruled. The judgment of the trial court is affirmed.