TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00041-CR







Carlos Diaz, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0983606, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Carlos Diaz waived a jury trial and pleaded not guilty to the charge of
possession of cocaine. The trial court found Diaz guilty of possession of less than one gram of
cocaine. See Tex. Health & Safety Code Ann. § 481.115 (West Supp. 1999). The trial court
assessed punishment, enhanced by four prior convictions, at eleven years' imprisonment in the
Texas Department of Criminal Justice, Institutional Division.

 In two issues, Diaz alleges that the police did not have probable cause to search him
and that the evidence is insufficient to support the conviction. We will affirm the conviction.


BACKGROUND


 On July 18, 1998, at approximately 1:30 p.m., Diaz was driving fifty miles per
hour in a forty mile per hour zone in the 6800 block of North Lamar in Austin, Texas. Officer
Richard Miller of the Austin Police Department stopped Diaz for speeding. Miller testified that
when Diaz stopped the vehicle, (1) he immediately got out and walked to the back of the car. Miller
testified that Diaz's actions led him to believe that Diaz was trying to hide something and did not
want the officer to search the car. Miller asked Diaz if he had any weapons, and Diaz replied that
he had a razor blade in his pocket. Diaz agreed when Officer Miller asked if he could search the
vehicle. Miller saw what he thought might be crack cocaine on the seat and floorboard of the
vehicle.

 Shortly thereafter, Austin Police Officer Kevin Covington arrived at the scene to
assist Miller. Covington walked to the driver's side of the vehicle and saw "in plain view several
off-white colored, rock-like" objects on the left side of the driver's seat. He testified that he knew
these objects to be crack cocaine from his training and experience. Using a field test kit, the
officers analyzed the objects, which tested positive for cocaine. Miller seized the cocaine, placed
it in a plastic bag, and arrested Diaz.

 Anthony Arnold, a forensic chemist with the Austin Police Department, analyzed
the objects seized from the vehicle. He determined the net weight of the rock-like substance to
be nine milligrams and concluded it contained cocaine base.


DISCUSSION


Sufficiency of the Evidence

 In his first issue, Diaz argues that the evidence is legally insufficient to link him
to the cocaine and prove the required elements of the offense. In determining the legal sufficiency
of the evidence to support a criminal conviction, we view all the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 318-19 (1979); Stanley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). 

 In order to prove unlawful possession of a controlled substance, the State must
prove that the accused exercised care, control, and management of the substance, and that the
accused knew the substance was contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1987); Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996, pet. ref'd,
untimely filed). When the accused is not in exclusive control of the place the contraband is found,
the State must prove independent facts and circumstances affirmatively linking the accused to the
contraband. See Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). "Affirmative links"
is a shorthand expression of what the State must prove to establish that the accused knowingly or
intentionally possessed the contraband. See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995). The required affirmative links can be proven by direct or circumstantial evidence,
but the links do not need to be so strong that they exclude every other outstanding reasonable
hypothesis. See id. at 747-48. All that is required is that the accused's connection with the drug
be more than fortuitous. See id. at 747.

 Diaz asserts that the record contains no evidence that he knew there was cocaine
in the vehicle. Specifically, he contends that since he did not own the vehicle and had only taken
possession of it the night before, when it was dark and his visibility obscured, there is no evidence
that affirmatively links him to the cocaine. We disagree.

 This Court has addressed several factors identified by the Court of Criminal
Appeals that can tend to link the accused to the contraband. See Whitworth v. State, 808 S.W.2d
566, 569 (Tex. App.--Austin 1991, pet. ref'd); Trejo v. State, 766 S.W.2d 381, 384 (Tex.
App.--Austin 1989, no pet.). Several factors relevant to this case include: (1) contraband in plain
view; (2) contraband conveniently accessible to the accused; (3) the accused driving the
automobile in which contraband discovered; (4) contraband found on the same side of the car seat
where the accused was sitting; (5) contraband paraphernalia in view of or found on the accused;
(6) conduct by the accused indicating a consciousness of guilt; and (7) the physical condition of
the accused indicating recent consumption of the contraband. 

 Taken in the light most favorable to the verdict, the evidence supports several
factors affirmatively linking appellant to the contraband. The cocaine found in the car was in
plain view. It was easily accessible to Diaz, as it was beside his left leg on the floor and seat on
the driver's side of the car. Diaz was the driver and sole occupant of the vehicle on the afternoon
in question. Diaz also had a single-edged razor blade in his pocket, which Officer Miller testified
is associated with the use of cocaine. In addition, Miller testified that Diaz was nervous or jittery;
that Diaz quickly exited the vehicle when he was stopped; that he was "excited and talkative"; and
that his movements were rapid. A reasonable factfinder could have inferred consciousness of guilt
or recent consumption of the contraband from such behavior. We hold that the evidence in the
record is legally sufficient to support a finding of guilt beyond a reasonable doubt. We overrule
Diaz's first issue. 


Validity of the Search

 In his second issue, Diaz complains that Officer Miller did not have probable cause
to stop, search, and arrest Diaz. Appellant concedes that the officer had cause to stop him for
speeding. Once stopped, the officer observed the contraband in plain view, and appellant gave
the officer permission to search the car. Appellant cannot now claim the search was illegal, and 
thus the evidence seized was clearly admissible. In any event, Diaz did not object to the validity
of the search at trial, nor did he object to the admission of evidence of the seized cocaine. (2) To
preserve error for appellate review, a timely request, objection, or motion must be made to the
trial court by the complaining party. See Tex. R. App. P. 33.1(a)(1). Because Diaz failed to
preserve this issue for appeal, we overrule Diaz's second issue.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish
1. Diaz did not own the vehicle he was driving. Diaz took possession of the vehicle from
a friend on the evening before his arrest.
2. Diaz did not raise this argument via a motion to suppress the evidence. Moreover, his
trial attorney admitted that such a motion would have been "fruitless" since the cocaine was in
plain view. 



e, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). "Affirmative links"
is a shorthand expression of what the State must prove to establish that the accused knowingly or
intentionally possessed the contraband. See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995). The required affirmative links can be proven by direct or circumstantial evidence,
but the links do not need to be so strong that they exclude every other outstanding reasonable
hypothesis. See id. at 747-48. All that is required is that the accused's connection with the drug
be more than fortuitous. See id. at 747.

 Diaz asserts that the record contains no evidence that he knew there was cocaine
in the vehicle. Specifically, he contends that since he did not own the vehicle and had only taken
possession of it the night before, when it was dark and his visibility obscured, there is no evidence
that affirmatively links him to the cocaine. We disagree.

 This Court has addressed several factors identified by the Court of Criminal
Appeals that can tend to link the accused to the contraband. See Whitworth v. State, 808 S.W.2d
566, 569 (Tex. App.--Austin 1991, pet. ref'd); Trejo v. State, 766 S.W.2d 381, 384 (Tex.
App.--Austin 1989, no pet.). Several factors relevant to this case include: (1) contraband in plain
view; (2) contraband conveniently accessible to the accused; (3) the accused driving the
automobile in which contraband discovered; (4) contraband found on the same side of the car seat
where the accused was sitting; (5) contraband paraphernalia in view of or found on the accused;
(6) conduct by the accused indicating a consciousness of guilt; and (7) the physical condition of
the accused indicating recent consumption of the contraband. 

 Taken in the light most favorable to the verdict, the evidence supports several
factors affirmatively linking appellant to the contraband. The cocaine found in the car was in
plain view. It was easily accessible to Diaz, as it was beside his left leg on the floor and seat on
the driver's side of the car. Diaz was the driver and sole occupant of the vehicle on the afternoon
in question. Diaz also had a single-edged razor blade in his pocket, which Officer Miller testified
is associated with the use of cocaine. In addition, Miller testified that Diaz was nervous or jittery;
that Diaz quickly exited the vehicle when he was stopped; that he was "excited and talkative"; and
that his movements were rapid. A reasonable factfinder could have inferred consciousness of guilt
or recent consumption of the contraband from such behavior. We hold that the evidence in the
record is legally sufficient to support a finding of guilt beyond a reasonable doubt. We overrule
Diaz's first issue. 


Validity of the Search

 In his second issue, Diaz complains that Officer Miller did not have probable cause
to stop, search, and arrest Diaz. Appellant concedes that the officer had cause to stop him for
speeding. Once stopped, the officer observed the contraband in plain view, and appellant gave
the officer permission to search the car. Appellant cannot now claim the search was illegal, and 
thus the evidence seized was clearly admissible. In any event, Diaz did not object to the validity
of the search at trial, nor did he object to the admission of evidence of the seized cocaine. (2) To
preserve error for appellate review, a timely request, objection, or motion must be made to the
trial court by the complaining party. See Tex. R. App. P. 33.1(a)(1). Because Diaz failed to
preserve this issue for appeal, we overrule Diaz's second issue.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish
1. Diaz did not own the vehicle he was