NO. 07-01-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 1, 2002

_____

JACKIE NORTH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433052; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In pursuing this out of time appeal,[1] appellant Jackie North challenges his conviction of possession of a controlled substance. His punishment, enhanced because of two prior convictions, was assessed by the trial jury at 17 years confinement in the Institutional

_____

[1]Through a writ of habeas corpus from the Court of Criminal Appeals, appellant obtained permission to file this appeal.

Division of the Department of Criminal Justice. In mounting his challenge, appellant raises a single point of error contending the evidence is both legally and factually insufficient to support his conviction. Disagreeing, we affirm the trial court's judgment.

The standards by which we determine the legal and factual sufficiency of the evidence are by now axiomatic and it is not necessary to discuss them at length. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 128 (Tex.Crim.App. 1996). Suffice it to say that in instances such as this one in which both the legal and factual sufficiency of the evidence are challenged, we must first determine if the evidence is legally sufficient and, if it is legally insufficient, render an acquittal judgment. If we determine the evidence is legally sufficient, we must then decide if it is factually sufficient measured by the standards explicated in *Clewis,* 922 S.W.2d at 134.

To establish the offense of possession of a controlled substance, the State is required to prove the defendant exercised care, control, and management over the controlled substance and that he knew the nature of the substance. *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Crim.App. 1987). The defendant's control over the contraband need not be exclusive, but his control may not be inferred from his non-exclusive control over the place where the contraband was found unless the State presents affirmative links between the defendant and the contraband. *Id.; Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). Possible affirmative links include whether:

1) the contraband was in plain view; 2) the contraband was conveniently accessible to the accused; 3) the accused was the owner of the place where the contraband was found; 4) the accused was the owner of the automobile in which the contraband was found; 5) the contraband was found on the same side of the car seat on which the accused was sitting; 6) the place where the contraband was found was enclosed; 7) the odor of marijuana was present; 8) paraphernalia to use the contraband was in view of, or found on, the accused; 6) conduct by the accused indicated a consciousness of guilt; 9) conduct by the accused indicated a consciousness of guilt; 10) the accused has a special connection to the contraband; 11) occupants of the automobile gave conflicting statements about relevant matters; 12) the physical condition of the accused indicated recent consumption of the contraband found in the car; and 13) affirmative statements connect the accused to the contraband. *Gilbert*, 874 S.W.2d at 298. The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Whitworth v. State*, 808 S.W.2d 566, 589 (Tex.App.--Austin 1991, pet. ref'd).

The nature of appellant's challenge requires us to recite the trial evidence. The State's first witness was Lubbock Police Officer Juventino Calvillo (Calvillo). Calvillo and Officer James Sullivan (Sullivan) were working the midnight shift on February 2, 2000. On that night, Calvillo was serving as Sullivan's training officer. Calvillo described how he prepared for his shift, including checking the patrol car's equipment and being sure that nothing was left in the car from a previous shift. His preparation included removing the

3

rear seat of the patrol car to ensure that nothing had been placed on, or slipped under, the seat.

During their shift, the officers received a prowler call. While they were investigating the call, they saw a car parked in the street with someone in the front passenger seat. When the person saw the officers, he ducked down. The officers continued down the street and stopped to watch the other car. They saw a man get into the driver's seat of the car. The driver started the car and, as it drove past the officers, they noticed it did not have a license plate light. Because of that missing light, they stopped the automobile.

Calvillo averred that the driver, who he identified as appellant, was "moving around" in the car as they approached it. He also said that a "Mr. Ledbetter" was a passenger in the car. Calvillo asked appellant to get out of the car and to walk back to the patrol car. The officer "frisked" appellant and placed him in the back seat of the patrol car. As Calvillo seated himself in the front seat of the patrol car, he noticed that appellant was moving around in the back seat. The officers ran a check on appellant's license, which indicated there were outstanding warrants for his arrest. The officers then placed appellant under arrest and transported him to jail. After the officers searched appellant's car, and with his consent, the car was released to Ledbetter.

At the jail, as appellant was taken out of the patrol car, Calvillo noticed that a pamphlet that had previously been in appellant's pocket was left on the rear seat, and he then noticed a white powder around the pamphlet. Because of those observations, Calvillo

4

lifted the rear seat and found two small plastic bags that contained more of the white powder. After Calvillo identified the bags in court, they were admitted into evidence. A video of the incident was also received into evidence.

Sullivan also testified and supported Calvillo's account that the area underneath the rear seat of the patrol car was inspected prior to the commencement of the officer's shift. Sullivan also said appellant was the person they stopped and later arrested. He also identified three of the State's exhibits as items that were taken out of appellant's pockets. Two of those items were parts of a plastic bag and the third was a piece of stranded electric wire. Sullivan testified that it took appellant a long time to stop the car and there was a lot of movement in the car during that period.

The State's final witness was a chemist from the Texas Department of Public Safety, who identified the substance recovered from the patrol car as cocaine. The defense did not present any witnesses.

Our review of the evidence convinces us that it is amply sufficient to support the jury's verdict. If the jury accepted the officer's credibility, as they obviously did, the testimony was sufficient to justify a reasonable conclusion that appellant must have been the one who placed to cocaine under the rear seat of the patrol vehicle.

Accordingly, appellant's issue does not present reversible error and is overruled. The judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.