NUMBER
13-01-672-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

MARY ELLEN WILCOX,                                                         Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                         On
appeal from the 36th District Court

                               of
San Patricio County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Mary Ellen Wilcox, brings this appeal following a
conviction for possession of a controlled substance with intent to
deliver.  By two points of error, Wilcox
contends the trial court erred in finding the evidence legally and factually
sufficient to sustain her conviction.  We
affirm. 

I.  FACTS

Trooper Alonzo D. Almaraz stopped Wilcox=s vehicle for
excessive speed.  Wilcox was a passenger
in her vehicle and Bobby Ballard was the driver.  When the trooper patted down Wilcox and
Ballard, he found a glass pipe on Wilcox, which was warm and had drug residue
in it.  Trooper Almaraz smelled an odor
of marijuana coming from the car and found a marijuana cigarette between the
passenger seat and the console.  He
searched Wilcox=s vehicle and
found methamphetamine in a cooler, which Ballard claimed to own.  The trooper also found dime bags[1]
containing residue,  which appeared to be
methamphetamine, in Wilcox=s luggage.  Trooper Almaraz placed Wilcox and Ballard
under arrest.  At the jail, the trooper
also found methamphetamine on Ballard=s person.  They were subsequently indicted and convicted
of possession of methamphetamine, with intent to deliver.[2]

II.  LEGAL SUFFICIENCY

By her first point of error, Wilcox contends the evidence is
legally insufficient to support her conviction. 
Specifically, Wilcox argues there is nothing in the evidence to infer
she knew Ballard carried the methamphetamine, or that she had knowledge or
possession of the methamphetamine.








A.  Standard of Review

In reviewing the legal sufficiency of the evidence, we must
view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Blankenship v.
State, 780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988).

B.  Analysis








To prove intentional or knowing possession of a controlled
substance, beyond a reasonable doubt, the State must show that a defendant
exercised actual care, control, and management over the contraband, and he had
knowledge that the substance in his possession was contraband.  See King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  When an accused
is not in exclusive possession and control of the place where the contraband is
found, it cannot be concluded she had knowledge or control over the contraband
unless there are additional independent facts and circumstances that
affirmatively link her to the contraband. 
Lassaint v. State, No. 13-01-587-CR, 2002 Tex. App. LEXIS
4292, at *4 (Corpus Christi June 13, 2002, no pet. h.).  Similarly, when contraband is not found on
the accused=s person or it
is not in the exclusive possession of the accused, additional facts and
circumstances must link the accused to the contraband.  Menchaca v. State, 901 S.W.2d 640, 651
(Tex. App.BEl Paso 1995,
pet. ref=d).  Ultimately, the question of whether the
evidence is sufficient to affirmatively link the accused to the contraband must
be answered on a case by case basis.  Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.BAustin 1991, pet. ref=d).

This Court has listed numerous factors to consider in
determining whether evidence is sufficient to affirmatively link a defendant to
contraband.  See Lassaint, 2002
Tex. App. LEXIS 4292, at *5-*7.[3]  Factors pertinent to this case include the
facts that Wilcox was in her own vehicle and that it smelled of marijuana, that
Wilcox was in possession of a pipe that was warm, and that she made
incriminating statements.  See id. at
*7.  








Additionally, hundreds of empty dime bags were found in Wilcox=s vehicle.  Specifically, these dime bags were located in
Wilcox=s two purses
and fanny pack.  Trooper Almaraz testified
Wilcox told him the residue in the dime bags was @crystal meth.@  See id. at *7.  Furthermore, additional dime bags holding
19.57 grams of methamphetamine were found inside a cooler located in Wilcox=s vehicle.  See id. at *6.  Wilcox had a scale in her fanny pack, which
could be used to measure methamphetamine.

Other evidence linking Wilcox to the contraband was Trooper
Almaraz=s tape
recording where Ballard was heard telling Wilcox Athey found it@ and warning
her not to Avolunteer
anything.@  See id.

Viewing the record in the light most favorable to the verdict,
we conclude that a rational fact finder could have found Wilcox guilty beyond a
reasonable doubt.  See Jackson, 443
U.S. at 319.  We overrule point of error
one.

III.  FACTUAL SUFFICIENCY

By her second point of error, Wilcox contends the evidence is
factually insufficient to support her conviction.

A.  Standard of Review

In applying a factual sufficiency review, we must ask whether a
neutral review of all the evidence, both for and against the finding
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury=s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  King
v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).  However, we are not free to reweigh the
evidence and set aside a jury verdict merely because a different result is more
reasonable.  See id.  This Court will set aside a verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  See Santellan v.
State, 939 S.W.2d 155, 164-65 (1997).








B.  Analysis  

Wilcox had marijuana in her vehicle, dime bags which she
admitted contained residue of Acrystal meth,@ and drug
paraphernalia in her car and on her body. 
See Lassaint, 2002 Tex. App. LEXIS 4292, at *6.  Based on our analysis above, after a neutral
review of all the evidence, and giving appropriate deference to the verdict, we
conclude that the verdict is not so against the great weight of the evidence as
to be clearly wrong and unjust.  See
King, 29 S.W.3d at 563.  We overrule
point of error two.

IV.  CONCLUSION

We hold the evidence is legally and factually sufficient to
support the conviction of Wilcox. 
Accordingly, we affirm the trial court. 

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3.

 

Opinion delivered and
filed

this 1st day of
August, 2002.

 











[1]Dime
bags is a term used for small bags, usually clear, which are designed to hold
small amounts of drugs for personal use.





[2]Ballard
is not a party to this appeal.





[3]The
nonexclusive list of factors is as follows:

                                                                                                                                                                                                                

1)
if contraband is in plain view or recovered from enclosed place; 2) accused was
owner of premises or had a right to possess the place where contraband found,
was owner or driver of automobile where contraband found; 3) accused found with
large amount of cash; 4) contraband was conveniently accessible to accused; 5)
contraband found in close proximity to accused; 6) odor of contraband present;
7) accused possessed contraband when arrested; 8) drug paraphernalia in plain
view or on accused; 9) physical condition of accused indicated under influence
of contraband; 10) conduct by accused indicated a consciousness of guilt; 11)
accused attempted to escape or flee; 12) accused made furtive gestures; 13)
accused had special connection to contraband; 14) occupants of premises gave
conflicting statements about relevant matters; 15) accused made incriminating
statements to connect himself to contraband; 16) quantity of contraband; and,
17) accused observed in suspicious area under suspicious circumstances.

 

Lassaint
v. State, No. 13-01-587-CR, 2002 Tex. App. LEXIS
4292, at *5-*7 (Corpus Christi June 13, 2002, no pet. h.).