Opinion issued January 9, 2003




















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00176-CR




JOAQUIN DWAYNE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 885362




MEMORANDUM OPINION
          Appellant, Joaquin Dwayne Johnson, was found guilty of possession of cocaine
weighing more than one gram and less than four grams.


 The trial court found the
enhancement paragraph true and assessed punishment at six years’ confinement. We
affirm.
Facts
          On August 16, 2001, Officers Epsfanio Garza and Mainash S. Patel of the
Houston Police Department (HPD), responded to a possible shooting at the Hou-Tex
Motel, room number 114. Appellant and Latasha Dismuke were occupying room
114. The door to the room was slightly open. Garza knocked on the door, which
swung open. Garza found appellant sitting in a chair near a table just to the right of
the door. Dismuke was standing near the door. Seventeen ‘rocks’


 of crack cocaine
on a piece of paper and a crack pipe were on the table, in plain view. The cocaine and
the pipe were within arm’s reach of appellant. Garza retrieved and field-tested the
rocks. Patel took appellant into custody. Garza turned the cocaine and pipe over to
Officer Jesse Aguire, who tagged it. Dennis Green, Criminalist II with the HPD
Crime Laboratory, tested the evidence. Green determined that the substance was
73.2% cocaine and weighed 2.3 grams. Green put the substance back into the
evidence bag after analyzing it, made sure his initials and lab number were on the
evidence, and sealed the bag with evidence tape. Green returned the evidence bag to
the vault where it was stored. The evidence bag was retrieved from the vault the day
of trial. Patel testified the cocaine and crack pipe were the same he saw in room 114
on the date of the offense.
Sufficiency of the Evidence
          In two points of error, appellant argues that the evidence was legally and
factually insufficient to support his conviction for possession of cocaine.
          Legal Sufficiency
          In his first point of error, appellant argues that the evidence was insufficient to
support his conviction, as a matter of law, for possession of cocaine, because the State
failed to establish his guilt beyond a reasonable doubt. Appellant specifically argues
that there was insufficient evidence that the offense occurred on August 16, 2001;
there was insufficient evidence to connect him to the cocaine because there was no
proof of a proper chain of custody; and there was insufficient evidence that he
possessed the cocaine.
          In reviewing legal sufficiency, we view the evidence in a light most favorable
to the verdict and ask whether a rational trier-of-fact could find the essential elements
of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). The fact finder may reasonably infer facts from the evidence
before it, credit the witnesses if it cares to, disbelieve any or all of the testimony
proffered, and weigh the evidence in the manner it chooses. Bruno v. State, 922
S.W.2d 292, 293 (Tex. App.—Amarillo 1996, no pet.). 
          1.       Date of the Offense
          Appellant argues that no evidence at trial showed that the offense occurred on
or about August 16, 2001. During direct examination the prosecutor asked Garza
whether he was working on “August 16th of this year,” and directed Patel to “August
16th of this year.” Appellant, therefore, argues that the evidence presented at trial
only showed that the offense occurred on August 16, 2002, a date which had not
occurred at the time of trial. 
          We first must determine if the date of the offense is a substantive element of
the criminal offense defined by state law. See Fuller v. State, 73 S.W.3d 250, 252
(Tex. Crim. App. 2002). The elements of the offense of possession of a controlled
substance, namely cocaine, are that a person knowingly or intentionally possesses the
cocaine. See Tex. Health & Safety Code Ann. § 481.115(a) (Vernon Supp. 2003);
Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2003). The date
of the offense is not, therefore, a substantive element of the offense of possession of
a controlled substance. 
          The trial court found that “[s]ince [they were] just 14 days into the new year
and August [had] not occurred . . ., then . . . it’s reasonable to believe [the offense]
was [in] 2001.” The trial court further recognized that the “on or about” language in
the indictment was still present.
          In Nelson v. State, 509 S.W.2d 367, 368-69 (Tex. Crim. App. 1974), the Court
of Criminal Appeals found that the use of 1972 instead of 1971 by the prosecutor
during questioning was merely a “slip of the lip.” The court mentioned other
instances during trial where the correct year, 1971, was referred to, but it appeared
to rely on the common sense fact that because the trial occurred on October 2, 1972,
the criminal offense could not have occurred on December 22, 1972. Id. In Jones v.
State, 511 S.W.2d 514, 515-16 (Tex. Crim. App. 1974), the Court of Criminal
Appeals looked to the entire record to establish the date of the offense, likewise
holding that the use of the wrong date was merely a “slip of the lip.” We find that the
prosecutor’s use of “August 16th of this year,” was also merely a slip of the lip, and
the trial court properly inferred that the date of the offense was August 16, 2001,
because August 2002 had not occurred at the time of trial. 
          2.       Chain of Custody
          Appellant argues that the State did not prove proper chain of custody. The
chain of custody is conclusively proven if an officer is able to establish that he or she
seized the item of physical evidence, put an identification mark on it, placed it in the
property room, and then retrieved the item being offered on the day of trial. Stoker
v. State, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989). When the beginning and end of
the chain of custody are established, and no evidence shows tampering, any gaps in
the chain go to the weight rather than to the admissibility of the evidence. Lee v.
State, 874 S.W.2d 220, 222-23 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). 
The trial court’s ruling on the admission of evidence will not be overturned absent a
clear abuse of discretion. Ennis v. State, 71 S.W.3d 804, 808 (Tex. App.—Texarkana
2002, no pet.). The sufficiency of the predicate to admit evidence is discretionary
with the trial court. Lee, 874 S.W.2d at 222. 
          Garza and Patel responded to the police call at the motel room occupied by
appellant. Garza testified that he seized the 17 rocks of crack cocaine and the crack
pipe. He then turned the evidence over to Aguirre, who tagged it. Patel testified that
he brought the evidence envelope containing the rocks of crack and the crack pipe 
to the court on the day of trial. Patel testified that the crack pipe and rocks of crack
that had been introduced into evidence earlier were the same pipe and rocks that he
saw on the night of the offense. Green identified the evidence envelope as the one
into which central evidence placed the rocks of crack and the crack pipe in his
presence after he had completed his analysis of the evidence. Appellant admits that
there was no evidence of tampering in the record. We find that the trial court did not
abuse its discretion when admitting this evidence. We conclude that there was
sufficient evidence to connect appellant to the cocaine. 
          3.       Possession
          Appellant argues that there was insufficient evidence to prove that he possessed
the cocaine beyond a reasonable doubt. To show unlawful possession of a controlled
substance, the State must show that (1) appellant exercised actual care, custody,
control, or management of the contraband and (2) he knew it was contraband. Gilbert
v. State, 874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); see
also Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp. 2003). When
an accused is not in exclusive control of the place where the substance is found, there
must be additional independent facts and circumstances which affirmatively link the
accused to the contraband in such a manner that it can be concluded he had
knowledge of the contraband as well as control over it. Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref’d). The affirmative link
customarily emerges from an orchestration of several of a list of factors and the
logical force they have in combination. Id. 
          The Court of Criminal Appeals has identified factors tending to establish the
essential elements of the offense, including, but not limited to, whether: (1) the
contraband was in plain view; (2) the contraband was conveniently accessible to the
accused; (3) the accused was the owner of the place where the contraband was found; 
(4) the place where the contraband was found was enclosed; (5) paraphernalia to use
the contraband was in view of or found on the accused; (6) conduct by the accused
indicated a consciousness of guilt; (7) the accused had a special connection to the
contraband; (8) the physical condition of the accused indicated recent consumption
of the contraband found; (9) traces of the contraband were found on the accused; and
(10) affirmative statements connect the accused to the contraband. Id. Certain of
these factors may bear on the care, custody, control, or management element of the
offense, others may bear on knowledge, and some may be relevant to both. Id. The
number of factors present is of less import than the logical force the factors have,
alone or in combination, in establishing the elements of the offense. Id.
           The cocaine was in plain view of appellant and the arresting officers. It was
found in a closed room where the only occupants were appellant and Dismuke. Garza
testified that appellant was within arm’s reach of the cocaine, which was on a table
in the motel room. Patel testified that the cocaine was in the care of appellant and
that appellant could touch the cocaine. The rocks and the pipe were field tested by
Garza at the Hou-Tex Motel, the field test result was positive for cocaine. The
evidence was further analyzed by Green and determined to be cocaine. Therefore, the
trial court, as trier-of-fact, could have inferred that appellant was conscious of his
connection with the cocaine and knew it to be cocaine. See Bruno, 922 S.W.2d at
293. 
          Viewing the evidence in a light most favorable to the verdict and determining
that a rational trier-of-fact could have found the essential elements of the crime
beyond a reasonable doubt, we conclude that appellant knowingly possessed cocaine.
          We overrule appellant’s first point of error.
          Factual Sufficiency
          In his second point of error, appellant argues that the evidence was insufficient
to support appellant’s conviction for possession of cocaine as a matter of fact.In reviewing factual sufficiency, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. King, 29 S.W.3d at 563;
Valencia, 51 S.W.3d at 423. While conducting our analysis, if there is probative
evidence supporting the verdict, we must avoid substituting our judgment for that of
the trier-of-fact, even when we disagree with the determination. King, 29 S.W.3d at
563. The trier-of-fact is the sole judge of the weight and credibility of the witness
testimony. Jones, 23 S.W.3d at 7.
          At trial, Garza and Patel testified that they found 17 rocks of crack cocaine and
a crack pipe on a table within arms length of the appellant in room 114 at the Hou-Tex motel. Garza testified that he field tested the cocaine and handed over the
evidence to Aguirre. Green testified that he tested the cocaine and returned the
evidence to the evidence envelope. Patel testified that he brought the evidence to the
court the day of trial. The trial judge, as the trier-of-fact, was the sole judge of the
weight and credibility of the witnesses’ testimony. We conclude, therefore, that there
was probative evidence to support the verdict.  
          We overrule appellant’s second point of error.Conclusion
          We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justice Hedges, Keyes, and Evans.



Do not publish. Tex. R. App. P. 47.4.