Opinion issued October 13, 2005 










 
In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00770-CR




DARRELL WAYNE KOSSIE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 973065




MEMORANDUM OPINION

          A jury found appellant, Darrell Wayne Kossie, guilty of possession of a
controlled substance weighing more than one gram but less than four grams. See
Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). The charge was
enhanced with two prior felony convictions for delivery of a controlled substance. 
After finding the enhancement paragraphs true, the trial court assessed appellant’s
punishment at 35 years’ confinement. See Tex. Pen. Code Ann. §§ 12.34, 12.42(d)
(Vernon Supp. 2004–2005). In his sole point of error, appellant claims that the
evidence is factually insufficient to support his conviction. We affirm.
                                                   Background
          In January 2004, E. Medrano, an officer assigned to the Southeast Tactical Unit
of the Houston Police Department, was conducting surveillance in an area known for
narcotics trafficking. Medrano watched a convenience store from a nearby
construction site. He was looking for individuals who might be dealing drugs in the
store’s parking lot. Medrano watched appellant for approximately 15 to 20 minutes
while appellant, standing near his car, mingled with other people near the store but
never went inside the store. Medrano testified that he saw appellant go to the
passenger side of the back seat area of his car, bend over, and appear to put something
down before getting into the car and driving away. Officer Medrano testified that he
saw a female in the front passenger seat of the car, but saw no one seated in the back
seat. 
          When appellant drove his car out of the parking lot, Medrano requested that
two uniformed officers follow him. The uniformed officers watched appellant leave
the Wesley Square Apartments and stopped him a short time later when he failed to
use his turn signal. Although appellant identified himself to the officers, he did not
produce any form of identification or insurance; nor did his female passenger. The
officers arrested appellant and, pursuant to department policy, inventoried appellant’s
car. While inventorying the car, the officers found a bag of crack cocaine, weighing
2.7 grams, between the passenger-side rear seat cushion and the front seat frame. 
Officer D. Morse testified that 2.7 grams of cocaine is more than someone would
typically have for personal use.
          Appellant testified that he was driving his sister’s car the day he was arrested. 
He stated that his girlfriend, K. Hale, was with him and that he gave a friend of his,
Darrell Clark, a ride from the convenience store to Clark’s apartment. Appellant
testified that Clark was in the back seat behind Hale. 
                                                   Discussion  
          In a sole point of error, appellant claims that the evidence is factually
insufficient to support his conviction because the State did not adequately link him
to the drugs found in the back seat of his car. 
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility accorded any witness’s testimony. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to be given
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor; the fact finder may
choose to believe all, some, or none of the testimony presented. Id. at 407–08. We
must defer appropriately to the fact finder to avoid substituting our judgment for its
judgment. Zuniga, 144 S.W.3d at 481–82.
          To prove the offense of possession of a controlled substance, the State must
show that the accused (1) exercised actual care, custody, control, or management of
the controlled substance and (2) was conscious of his connection with it and knew
what it was. See Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp.
2004–2005); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
          When the accused, like appellant, is not in exclusive possession of the place
where the contraband is found, we cannot conclude that the accused had knowledge
of and control over the contraband unless the State establishes an “affirmative link”
between the accused and the contraband—i.e., independent facts and circumstances
that affirmatively link the accused to the contraband so as to suggest that the accused
had knowledge of the contraband and exercised control over it.


 Rhyne v. State, 620
S.W.2d 599, 601 (Tex. Crim. App. 1981); Roberson v. State, 80 S.W.3d 730, 735
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). An affirmative link may be
established through either direct or circumstantial evidence. Brown, 911 S.W.2d at
747. 
          The Court of Criminal Appeals has identified several factors that may help to
establish an affirmative link between the accused and the contraband, including
whether (1) the contraband was in plain view; (2) the contraband was conveniently
accessible to the accused; (3) the accused was the owner of the place where the
contraband was found; (4) the accused was the driver of the automobile in which the
contraband was found; (5) the contraband was found on the same side of the car on
which the accused was sitting; (6) the place where the contraband was found was
enclosed; (7) the odor of the drug found was present in the vehicle; (8) paraphernalia
to use the contraband was in view of or found on the accused; (9) conduct by the
accused indicated a consciousness of guilt; (10) the accused had a special connection
to the contraband; (11) occupants of the vehicle gave conflicting statements about
relevant matters; (12) the physical condition of the accused indicated recent
consumption of the contraband found in the vehicle; and (13) affirmative statements
by the accused connect the accused to the contraband.


 Courts have also considered
(14) whether traces of the contraband were found, (15) whether a large sum of money
was found on the accused, and (16) the amount of contraband found. Whitworth v.
State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, no pet.); Roberson, 80 S.W.3d
at 740, 742; Poindexter, 153 S.W.3d at 412. Although several factors relevant to
establishing an affirmative link have been identified, the number actually supported
by the evidence is not as important as the “logical force” they collectively create to
prove that a crime has been committed. Roberson, 80 S.W.3d at 735 (quoting
Whitworth, 808 S.W.2d at 569).
          Here, the evidence shows that appellant had multiple affirmative links to the
cocaine in the back seat of appellant’s vehicle. Appellant was the driver of the
vehicle and was in control of the vehicle immediately before and at the time of his
arrest, and the contraband was found concealed under the passenger-side back seat. 
According to Officer Morse, the amount of contraband found, 2.7 grams, is beyond
that typical for personal use. Officer Medrano testified that he found appellant’s
behavior to be suspicious because he was standing by his vehicle and never bought
anything at the store. Officer Medrano observed appellant, while standing in the
parking lot, making gestures toward the area of the vehicle where the drugs were
found. We conclude that these facts and circumstances affirmatively link appellant
to the contraband. 
          The only contradictory evidence was appellant’s assertion that another man
was in the back seat of the car when it left the parking lot. Officer Medrano disputed
this assertion at trial. The jury obviously believed the officer’s testimony, not
appellant’s. See Cain, 958 S.W.2d at 407. After examining all of the evidence
neutrally, we hold that the proof of guilt was not so obviously weak as to undermine
confidence in the jury’s determination; nor was the contrary evidence so strong that
the beyond-a-reasonable-doubt standard could not have been met. 
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2 (b).