

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00503-CR

Michael **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 17-08-00092-CRK
Honorable Russell Wilson, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 8, 2023

AFFIRMED

Appellant Michael Rodriguez appeals from a conviction for possession of methamphetamine in an amount less than one gram. Rodriguez argues that the State presented legally insufficient evidence to support his conviction. For the following reasons, we affirm.

## BACKGROUND

Rodriguez was arrested for possession of methamphetamine after Officer Mercado discovered the drug in a consensual vehicle search. The car in question belonged to Rodriguez's live-in girlfriend, Melinda Duenes. Duenes did not want Rodriguez to drive her car. But she

agreed to allow long-time acquaintance Ruben Sanchez to borrow the car if he drove Rodriguez to the store.

As Sanchez was driving with Rodriguez seated in the passenger seat, Sanchez was pulled over by Officer Mercado. Officer Mercado had run the car's license plate and discovered that the vehicle registration was expired. Officer Mercado also knew from a previous traffic stop that Sanchez did not have a valid driver's license. During this traffic stop, Officer Mercado learned 1) Sanchez still had no driver's license, and 2) Rodriguez had an outstanding warrant. Officer Mercado detained Rodriguez on the warrant.

Officer Mercado asked for consent to search the car, and Sanchez consented. In searching the car, Officer Mercado opened the glovebox and discovered a chewing tobacco tin. Inside the tin, Officer Mercado discovered chewing tobacco and a small bag containing .18 grams of methamphetamine. When asked about the methamphetamine, neither of the men admitted ownership. According to Sanchez, Officer Mercado asked both men to pull down their bottom lips. Sanchez had no chewing tobacco in his mouth. Officer Mercado testified that he only noticed tobacco around Rodriguez's mouth and that it looked similar to the tobacco in the tin. Rodriguez admitted to chewing tobacco, but claimed it was a different brand. Officer Mercado found no other chewing tobacco tins either in the car or on Rodriguez's person. Officer Mercado testified that when he opened the tin from the glovebox, it appeared to be full of wet tobacco, like a fresh tin. It was only when he reached into the tin that he discovered the methamphetamine. Four years later when the tin was admitted into evidence at trial, the tobacco that remained in the tin appeared dry, and the tin was nearly empty.

After the State rested, Rodriguez moved for a directed verdict. The trial court denied that request.

**STANDARD OF REVIEW**

"We treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence." *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *accord Anzures v. State*, No. 01-19-00157-CR, 2020 WL 7213343, at *2 (Tex. App.—Houston [1st Dist.] Dec. 8, 2020, pet. ref'd) (mem. op.). Accordingly, we will review the evidence in the light most favorable to upholding the verdict, and we will affirm the judgment if the "jury [was] rationally justified in finding guilt beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)).

**INTENTIONAL OR KNOWING POSSESSION OF METHAMPHETAMINE < 1 GRAM**

**A.     Law**

In this case, to support a conviction for possession of methamphetamine, the evidence must have shown that Rodriguez (1) knowingly or intentionally possessed methamphetamine in an amount less than one gram and (2) knew that it was contraband. *See Rodriguez v. State*, No. 13-07-104-CR, 2008 WL 5501199, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2008, pet. filed) (mem. op.) (citing TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (b), 481.102(6), 481.002(38); *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006)). These elements may be proved by direct or circumstantial evidence, so long as affirmative links to the elements carry logical force. *See Rodriguez*, 2008 WL 5501199, at *3 (citing *Evans*, 202 S.W.3d at 161–62); *accord Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

When contraband is not found on a person, certain factors assist in determining possession and knowledge. *See Gilbert*, 874 S.W.2d at 298 (citing *Whitworth v. State*, 808 S.W.2d 566, 569

(Tex. App.—Austin 1991, pet. ref'd)).  While no single factor is dispositive, and not all factors are required, factors to consider include whether:

> (1) the contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) the place where the contraband was found was enclosed; (7) the strong odor of marijuana was present; (8) paraphernalia to use the contraband was in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the accused had a special connection to the contraband; (11) occupants of the automobile gave conflicting statements about relevant matters; (12) the physical condition of the accused indicated recent consumption of the contraband found in the car; and (13) affirmative statements connect the accused to the contraband.

*Id.* (internal citations omitted) (emphasis added); *accord Trejo v. State*, 766 S.W.2d 381, 385 (Tex. App.—Austin 1989, no pet.) ("The 'affirmative link' customarily emerges…from an orchestration of several of the listed factors[] and the logical force they have in combination.").  "The number of factors present is of less import than the logical force the factors have, alone or in combination, in establishing the elements of the offense." *Gilbert*, 874 S.W.2d at 298 (citing *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd)).

**B.      Analysis**

Attributing possession and knowledge of the glovebox methamphetamine in this case to Rodriguez is the linchpin in support of his conviction.  *See Rodriguez*, 2008 WL 5501199, at *3 (citing *Evans*, 202 S.W.3d at 161–62).  Rodriguez targets these elements by noting that he was a passenger in a car that did not belong to him when Officer Mercado discovered .18 grams of methamphetamine inside a chewing tobacco container in the car's glovebox.  Rodriguez argues that the evidence is tenuous and legally insufficient.  However, the evidence against Rodriguez

carries the required affirmative links and logical force. *See Evans*, 202 S.W.3d at 161–62; *Gilbert*, 874 S.W.2d at 298.

Once Officer Mercado discovered a small amount of methamphetamine hidden under chewing tobacco in a tin, he discovered that only one of the two men from the car had tobacco in his mouth, and that was Rodriguez. Rodriguez had no other tobacco tin on his person, and no other tobacco tin was discovered in the car. In convicting Rodriguez, the jury could have considered that Rodriguez was sitting right in front of where the drugs were found, that he had tobacco in his mouth, and that the drugs were found in a tobacco container. This evidence from the record employs factors (2), (5), (6), and (10) from *Gilbert* and *Whitworth* to demonstrate affirmative links and reasonable inferences of guilt. *See Gilbert*, 874 S.W.2d at 298; *Whitworth*, 808 S.W.2d at 569. That is, the methamphetamine was conveniently accessible to Rodriguez; it was found on the same side of the car where Rodriguez was sitting; the tobacco container and glovebox where the methamphetamine was found was enclosed; and tobacco on Rodriguez's face or in his mouth established a connection between Rodriguez and the place where the methamphetamine was found. *See Gilbert*, 874 S.W.2d at 298; *Whitworth*, 808 S.W.2d at 569. Based on this evidence, a jury could have rationally determined that Rodriguez 1) knew he possessed methamphetamine, 2) since he exercised control, management, or care over the substance by 3) hiding the substance in a tobacco container in his girlfriend's car's glovebox, because he knew 4) the substance was contraband. *See Evans*, 202 S.W.3d at 161–62 ("[P]resence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish [the defendant's connection with the drug] beyond a reasonable doubt.").

Alternately, the jury could have believed that someone else put methamphetamine in a tobacco container in Duenes's glovebox and that Rodriguez's apparent connection to the tobacco container in the glovebox in front of him was coincidental, but "[t]he jury, by its verdict, rejected

this alternate scenario." *See Evans*, 202 S.W.3d at 165. Assuming without deciding that this alternate scenario is reasonable, we note that it "is the jury, not the reviewing court, that chooses between alternate reasonable inferences." *Evans*, 202 S.W.3d at 165 n.27. Accordingly, in viewing the evidence in the light most favorable to the verdict, we conclude that "a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 902; *Williams*, 937 S.W.2d at 482. The trial court did not err in denying Rodriguez's request for a directed verdict. We overrule Rodriguez's complaint on appeal and affirm his conviction.

CONCLUSION

Based on the evidence, we conclude there was sufficient evidence from which a jury could rationally find that Appellant Rodriguez intentionally or knowingly possessed methamphetamine in an amount less than one gram. Accordingly, Rodriguez's conviction is affirmed.

Patricia O. Alvarez, Justice

Publish