# NO. 12-07-00294-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTONIO DONELL MARSH,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Antonio Donell Marsh appeals his conviction for possession of codeine, for which he was sentenced to imprisonment for forty-five years and fined ten thousand dollars. In two issues, Appellant argues that the evidence was legally and factually insufficient to support his conviction and that his sentence amounted to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a compound mixture or preparation in the amount of four hundred or more grams that contained up to two hundred milligrams per one hundred milliliters of codeine, a first degree felony.[1] Appellant pleaded "not guilty," and the matter proceeded to a bench trial.

Texas Department of Public Safety ("DPS") Trooper Jason Bundy testified as the State's first witness. Bundy testified that on November 7, 2006, he stopped a Lincoln Navigator driving

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(A), 481.112(a), (d) (Vernon 2003 & Supp. 2008).

westbound on Interstate 20 in Smith County, Texas for failure to display a front license plate. Upon Bundy's request, the driver exited the vehicle, and Bundy sought to identify the driver as the two stood at the roadside. Bundy stated that the driver was unable to produce a Texas driver's license, but gave Bundy a name, Timothy Leon Tave, and a date of birth.[2] Bundy further stated that as he spoke to the driver, he advised the driver that he detected the odor of burnt marijuana on the driver's person. According to Bundy, the driver admitted that he had smoked marijuana earlier that day while in Longview, Texas, where his trip originated. Bundy searched the driver and discovered one thousand three hundred dollars in cash. Bundy testified that he next approached the passenger of the vehicle, a person whom he identified as Appellant, and sought to determine his identity. Bundy further testified that Appellant stated that his name was Deon Jones and that his date of birth was November 27, 1978. Bundy stated that he could smell the strong odor of marijuana emanating from the passenger side of the vehicle as he spoke to Appellant. Bundy further stated that he questioned Appellant concerning the nature of his trip and that Appellant gave him information that conflicted with the driver's account.

Based on his conversations with Appellant and the driver and his detection of the odor of marijuana, among other reasons, Bundy suspected that there was contraband in the vehicle and sought to conduct a search thereof. Bundy stated that during his search of the vehicle, he discovered loose marijuana, including seeds and debris, throughout the vehicle as well as in the front seats. Bundy further stated that there were two Styrofoam drink cups in the front cup holders located between the driver's and passenger's seats, one soda bottle on the floorboard of the rear seat behind the center console, and a baby bottle also on the floorboard of the rear seat behind the center console. Each of these containers and their contents were admitted into evidence. Bundy testified that each of the containers were within reach of both the driver and Appellant. Bundy further testified that he also discovered inside the passenger door panel a box of cigars that contained "marijuana blunts" as well as a plastic bag containing marijuana.

Karen Ream, a forensic scientist with the Texas DPS crime lab in Tyler, Texas, testified as the State's next witness. Ream testified concerning the contents of the four drink containers Bundy

---

[2] The driver was later determined to be Dominique Gooch, the registered owner of the vehicle.

located in the vehicle. Ream stated that the contents of the Styrofoam cup located in the cup holder nearest to Appellant did not contain any controlled substance. Ream further stated that the Styrofoam cup located in the driver's side cup holder as well as the soda bottle and baby bottle located on the floorboard of the rear seat each contained codeine.

DPS Trooper Dennis Redden testified next on the State's behalf. Redden testified that he was at the scene on the day in question and performed an inventory search of the vehicle. Redden stated that he noticed that the interior door panels were loose. Redden further stated that he believed the fact that the door panels were loose was important because he was aware of people concealing items behind door panels.

Upon the conclusion of Redden's testimony, both parties rested. Following argument of counsel, the trial court found Appellant "guilty" as charged. A punishment hearing was conducted at a later date. At the conclusion of the punishment hearing, the trial court sentenced Appellant to imprisonment for forty-five years and fined Appellant ten thousand dollars. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is neither legally nor factually sufficient to support the trial court's judgment. Specifically, Appellant argues that the evidence is insufficient to support that he possessed codeine.

### Legal Sufficiency

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In the case at hand, to support Appellant's conviction for possession of a controlled substance, the State was required to prove that Appellant (1) exercised control, management, or care over the substance and (2) knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. TEX. PENAL CODE ANN. § 6.03(b) (Vernon 2003). The State must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. *Poindexter*, 153 S.W.3d at 406. When the accused is not in exclusive possession of the place where the substance is found, we cannot conclude that he had knowledge of and control over the contraband unless there are additional independent facts and circumstances which link the accused to the contraband.[3] *Id.* Links that may circumstantially establish the sufficiency of the evidence to prove that a defendant had knowing "possession" of contraband include the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash;

---

[3] The court of criminal appeals has recognized that the adjective "affirmative" adds nothing to "link" and resolved to use only the word "link" to describe circumstances tending to connect the accused to the contraband. *See Evans v. State*, 202 S.W.3d 158, 161-62 & n. 9 (Tex. Crim. App. 2006).

and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12. It is not the number of links that is dispositive, but rather the logical force of all of the evidence, both direct and circumstantial. *Id.* Ultimately, the question of whether the evidence is sufficient to link the appellant to the contraband must be answered on a case by case basis. *See Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.–Austin 1991, pet. ref'd).

Here, Appellant was present when the search was conducted of the vehicle. Furthermore, Bundy testified that the cups located in the drink holders between the driver's and passenger's seats were visible when he was standing outside the vehicle. Bundy also testified that each of the containers of codeine were within Appellant's reach. Moreover, Bundy stated that he discovered inside the passenger door panel a cigar box containing several "marijuana blunts" and a plastic bag containing marijuana in addition to the loose marijuana he found in the front seats and elsewhere in the vehicle. Bundy further stated that he detected the strong odor of marijuana while he was standing outside the vehicle conversing with Appellant.

Examining the aforementioned evidence in the light most favorable to the verdict, we conclude that the trial court could have determined beyond a reasonable doubt that Appellant exercised control, management, or care over the containers of codeine located in the vehicle and that he knew the matter possessed was contraband. Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment.

## Factual Sufficiency

Turning to Appellant's contention that the evidence is not factually sufficient to support the jury's verdict, we must first assume that the evidence is legally sufficient under the *Jackson* standard. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all of the evidence weighed by the trial court that tends to prove the existence of the elemental fact[4] in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the trial court's determination, even if probative evidence exists that supports the verdict, *see Clewis*, 922

---

[4] As with a review for legal sufficiency, we measure the factual sufficiency of the evidence of the offense as defined by a hypothetically correct jury charge. *See Wooley v. State*, No. PD-0861-07, 2008 WL 2512843, at *1 (Tex. Crim. App. June 25, 2008).

S.W.2d at 133, our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the trial court's verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the trial court's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (evidence is factually insufficient only when reviewing court objectively concludes that the great weight and preponderance of the evidence contradicts the verdict).

In the instant case, Appellant argues that the only container of codeine clearly within Appellant's reach was the Styrofoam cup in the driver's cup holder. Appellant further argues that the record is silent as to how far away the soda bottle or baby bottle were from Appellant in this rather large vehicle. Appellant further notes that the only cup devoid of a controlled substance was the one nearest him. Thus, Appellant contends, it was an entirely reasonable hypothesis that Appellant was riding in a vehicle with no knowledge of codeine was present in the car. However, Appellant overlooks Bundy's testimony that the soda bottle and baby bottle, as well as the Styrofoam cup in the driver's cup holder were all within Appellant's reach. Appellant makes no reference to the other evidence tending to link him to the various containers of codeine as set forth above or to any evidence tending to contradict such evidence linking him to the codeine.

We have reviewed the record in its entirety. We iterate that our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony, *see Santellan*, 939 S.W.2d at 164, and where there is conflicting evidence, the trial court's verdict on such matters is generally regarded as conclusive. *See Van Zandt*, 932 S.W.2d at 96. Our review of the record as a whole, with consideration given to all of the evidence, both for and against the trial court's finding, has not revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the

evidence is factually sufficient to support the trial court's judgment.

Appellant's first issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Appellant contends that the forty-five year sentence imposed on him amounts to cruel and unusual punishment. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. *See **Willis v. State***, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1.

However, even absent waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment. Appellant was convicted of possession of codeine, a Schedule 1 controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(A), 481.112(a). The punishment range for such an offense, given the amount of codeine in Appellant's possession, is between five and ninety-nine years, or life. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); TEX. PENAL CODE ANN.§ 12.32(a) (Vernon 2003). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. ***Id.*** Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd).

Nonetheless, we have considered the threshold question of whether Appellant's sentence is grossly disproportionate to the crime. *See, e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.); *see also **Harmelin v. Michigan***, 501 U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); ***Solem v. Helm***, 463 U.S. 277, 298–300, 103 S. Ct. 3001, 3013–15, 77 L. Ed. 2d 637 (1983). In conducting our analysis, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in which the Supreme Court upheld the petitioner's mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1135. The offense committed by Appellant—possession of four

hundred or more grams of a Schedule 1 controlled substance—is more serious than any of the offenses committed by the appellant in **Rummel**, and Appellant's forty-five year sentence is less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it follows that if the sentence in **Rummel** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the **Solem** test.[5] Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we **affirm** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. **Solem**, 463 U.S. at 292, 103 S. Ct. at 3011.