COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 GERARDO RAMIREZ-DELGADO,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00254-CR
  
 Appeal from the
  
 Criminal
 District Court No. 1
  
 of El
 Paso County, Texas
  
 (TC#20100D01736)
  
 
 


 

                                                                  O
P I N I O N

Gerardo Ramirez-Delgado appeals his
conviction of unlawful possession of marijuana in an amount of 2,000 pounds or
less but more than 50 pounds.  We affirm.

                                                               BACKGROUND








On March 25, 2010, El Paso County Sheriff’s
Office (EPSO) Detectives Benjamin Perales and Raul Apodaca conducted surveillance
at a warehouse on Rojas Street in El Paso. 
Detective Perales observed a white van back into a loading dock at the
warehouse and then saw the driver exit the vehicle and walk away.  Minutes later, Perales saw a black Volkswagen
Jetta with two occupants drive slowly through the warehouse area and then leave.  Subsequently, other members of the
surveillance team advised that some subjects had entered the warehouse through
the front doors.

Next, the detectives observed a Hispanic
male open the bay doors to the loading dock, walk down the stairs, and open the
back doors of the white van.[1]
  A second man, later identified as
Lazaro Camacho, was seen standing at the top of the loading dock.  The two men appeared to be unloading items
from the van.  At that time, the
detectives decided to make an approach.  As
the detectives approached the van, their badges were exposed and Detective
Perales identified himself to Appellant. 
Both detectives observed that Appellant had a bundle in his hand, which Appellant
dropped and immediately raised his hands in the air upon seeing the detectives.[2]  Detective Perales also observed a box on the
ground containing several bundles.  After
Camacho fled from the warehouse and was later detained, Detective Perales detained
Appellant by the van.   After Appellant was taken into custody, he was
searched and the keys to the white van were found in his front pockets.  When the detectives approached the van they noticed
a very strong odor of marijuana.  Inside
the van, Detective Perales observed a large number of bundles, which were later
determined to contain marijuana.  A total
of 905 bundles were found at the scene, weighing a total of 1,031 pounds.  At trial, Perales explained that 1,031 pounds
of marijuana is a usable quantity.   Based on his training and experience as a
narcotics investigator, Perales testified that around March 25, 2010, the going
rate of marijuana was $250 per pound.  Thomas
Downs, the evidence custodian with EPSO’s Narcotics Task Force, took video of
the warehouse before the approach was made as well as photos at the scene.  Downs testified that he did not attempt to
take any fingerprints off of any of the bundles found in the van.[3]  The net weight of the marijuana without the
packing material was 847 pounds.

The detectives searched the warehouse which was
found to be empty except for some boxes, saws, scales, tape, air freshener, and
small amounts of marijuana on some saws. 
Detective Perales testified that based on his training and experience
these items indicated that the warehouse was being used as a stash house.  He also testified that the saws are used to
cut the bundles, the tape is used to tape the bundles back up, the air
freshener is used to mask the odor of the marijuana, and the scales are used to
weigh the bundles.

Appellant testified in his defense.  He told the jury that he was an auto
mechanic, had a mechanic shop in Ciudad Juarez, Mexico, and when work was
scarce, he would advertise for work in El Paso. 
He testified that on March 25, 2010, he received a call asking if he
could work on a van.  After an
unsuccessful attempt at finding the location he was given, he waited in the
parking lot at Home Depot on Rojas for the man who called him about the van.  The man was dropped off at Appellant’s
location.  The man then got in
Appellant’s car and they drove to where the van was located.  Appellant testified that he had never met the
man before.

Appellant was told that the van was not
working and was full of materials because it was a carpet-cleaning
business.  According to Appellant, the
plan was to go to the man’s house to leave Appellant’s car there, drive back to
the warehouse in the man’s truck so they could unload the van and push the van
to another location where Appellant could work on it.

Appellant left his car at the man’s house
and they returned to the warehouse and entered through the front doors.  Appellant testified that he did not have the
keys to the warehouse.  He stated that he
opened the door to go outside to the back of the warehouse.  After he was given the keys to the van, Appellant
opened the back of the van with the keys. 
Appellant testified that the man gave him an empty box to put all the
cleaning materials in.  He stated that he
never attempted to start the vehicle.

When Appellant opened the van, he saw that
the van was full of carpets all the way to the top.  He testified that he did not see any bundles
in the back of the van as were depicted in the photos admitted into
evidence.  While he was unpacking the
van, he saw a person in plain clothes approach with a gun who told him to raise
his hands, which he did.  Appellant
testified that he was not aware of the drugs in the back of the van and that he
did not intend to load or unload drugs to or from the van.  He stated that he would not have accepted the
job if he knew he would be involved with marijuana that day.

On cross-examination, Appellant testified
that he lived in Juarez and had a visa to cross the border but not a visa to
work.  He testified that when the
detective approached him, the box into which he was packing cleaning supplies
was not on the ground.  He also testified
that he did not notice a smell of marijuana and stated that he knew what
marijuana smells like.  Appellant stated
that Detective Perales lied about being the detective who stopped him, that the
marijuana found in the van was depicted accurately in the photos that were admitted
into evidence, and that there was an odor of marijuana.  He also testified that the officer who pointed
the gun was not present in court.

When asked if the
van started when the officers tried to run it, Appellant testified that it did
not work, but that the officers stayed there until it started.  He further acknowledged that the van did
start.

On
rebuttal, Detective Apodaca testified that no cleaning supplies were found on
the scene and that he did not hide any cleaning supplies so that they could not
be photographed as evidence.  Based on
his training and experience as a narcotics officer, Apodaca testified that it
would not make sense for someone to call a stranger to help him unload a van
full of marijuana.  He stated that this
was because they do not want to get turned into the police or they are
concerned that the stranger could possibly steal the load.  Apodaca explained that the consequences of
losing a load due to the police being called or the load being stolen could
include a severe beating or even death.

After
Appellant pleaded not guilty, the jury found Appellant guilty as alleged in the
indictment, and sentenced him to five years’ and six months’ confinement.[4]  This appeal followed.

DISCUSSION

Legal
Sufficiency

In his sole issue on appeal, Appellant contends that the
evidence does not affirmatively link him to the marijuana found in the van, and
therefore, is insufficient to support his conviction.  Specifically he argues that the direct
and circumstantial evidence is insufficient to show that Appellant exercised
care, custody, control, or management of the marijuana found in the van.

Standard of Review

In determining the legal sufficiency of the evidence, we view all
of the evidence in the light most favorable to the verdict to determine whether
any rational jury could have found the essential elements of the offense beyond
a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks
v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  The jury is the sole judge of the weight and credibility
of the witnesses.  Brooks, 323 S.W.3d at 899.  It
is the role of the jury to resolve any conflicts of testimony and to draw
rational inferences from the facts.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  We do not overturn a verdict unless it is irrational or
unsupported by proof beyond a reasonable doubt. 
Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The
standard of review is the same for both direct and circumstantial evidence
cases. Geesa v. State, 820 S.W.2d 154, 158 (Tex. Crim App. 1991), overruled on other grounds, Paulson v. State,
28 S.W.3d 570 (Tex. Crim. App. 2000).

Possession and Affirmative Links

A person commits the offense of possession of marijuana if the
person knowingly or intentionally possesses a usable quantity of marijuana.  Tex. Health
& Safety Code Ann. § 481.121 (West 2010).  Possession is defined as “actual care,
custody, control, or management.” Tex. Health
& Safety Code Ann. § 481.002(38) (West 2010).  The State had the burden to prove beyond a
reasonable doubt that the accused: (1) exercised actual care, custody, control,
and management over the contraband, and (2) knew the substance he possessed was
contraband.  See Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995); Menchaca v. State, 901
S.W.2d 640, 651 (Tex. App. – El Paso 1995, pet. ref’d).

When a defendant is not in exclusive possession or control of the
place where the drugs are found, an affirmative link must be found between the
accused and the contraband demonstrating that the accused exercised control
over it and knew of its existence and character.  See
Evans, 202 S.W.3d at 162; Brown,
911 S.W.2d at 747; Menchaca, 901 S.W.2d at 651.  An “affirmative link” may be shown to exist by either direct or
circumstantial evidence, and it must establish that the accused’s association
to the contraband was more than just fortuitous.  Evans, 202 S.W.3d at 161; Brown, 911 S.W.2d at 747; Menchaca,
901 S.W.2d at 651.  An
affirmative link may be shown by the following non-exclusive factors: (1) the
accused’s presence when the search occurred; (2) whether the contraband was in
plain view; (3) the accused’s proximity to and accessibility of the contraband;
(4) whether the accused was under the influence of narcotics when arrested; (5)
the accused’s possession of other contraband when arrested; (6) the accused’s
incriminating statements when arrested; (7) whether the accused attempted to
flee; (8) the accused’s furtive gestures; (9) the odor of the contraband; (10) the
presence of other contraband or drug paraphernalia; (11) whether the accused
owned or had the right to possess the place where the contraband was found; (12)
whether the contraband was found in an enclosed area; (13) whether the accused
was the operator of the automobile where contraband was found; (14) whether the
accused was found with a large amount of cash or weapons when arrested; (15)
the accused’s conduct indicating a consciousness of guilt; and (16) the amount
of contraband found.  See Evans, 202 S.W.3d at 162 n.12; Gregory v. State,
159 S.W.3d 254, 260 (Tex.App.–Beaumont 2005, pet.
ref’d); Nguyen v. State, 54 S.W.3d 49, 53 (Tex.App.–Texarkana 2001, pet. ref’d); Hurtado
v. State, 881 S.W.2d 738, 743 n.1 (Tex. App. – Houston [1st Dist.] 1994,
pet. ref’d).  In conducting our review,
we are mindful that it is not the number of links that is dispositive, but
rather the logical force of all of the evidence, both direct and
circumstantial, that links an accused to the drugs.  Evans,
202 S.W.3d at 162.

Application

Appellant argues that the independent facts
and circumstances in this case do not link Appellant to the contraband found in
the van.  We disagree.  Although Appellant points out that specific
affirmative links were not present, such a notation does not negate the other
established links.  See Lair v. State, 265 S.W.3d 580, 588 (Tex. App. – Houston
[1st Dist.] 2008, pet. ref’d) (“Further possible links that do not exist,
however, do not negate the links that are present.”).  Several of the links exist here.

Appellant was present when the search of the
van was conducted and the contraband was in plain view.  Appellant was also in close proximity to the
contraband as he opened the back of the van where the marijuana was found, was
observed unloading items from the van, and was seen holding a bundle, which he
dropped and immediately raised his hands in the air without being told to do so
by the detectives, indicating a consciousness of guilt.  See, e.g.,
Evans, 202 S.W.3d at 163 (finding links where
appellant was present when drugs were found and drugs were within arm’s reach,
and in plain view); Rice v. State,
195 S.W.3d 876, 879-81 (Tex. App. – Dallas 2006, pet. ref’d) (finding link
where appellant was present when drugs were found inside vehicle); Gant v. State, 116 S.W.3d 124, 131-32
(Tex. App. – Tyler 2003, pet. ref’d) (finding links where appellant possessed
vehicle, was present when contraband was found, and was in close proximity to
the drugs); Watson v. State, No. 01-97-00526-CR,
1999 WL 21470, at *5 (Tex. App. – Houston [1st Dist.] Jan. 21, 1999, no pet.) (not
designated for publication) (where appellant came out of the bathroom with
hands raised and lowered himself to the ground before officers asked him to do
so indicated a consciousness of guilt).

Here, Appellant was found to be in
possession of the keys to the van.  See Hernandez v. State, 867 S.W.2d 900,
905 (Tex. App. – Texarkana 1993, no pet.) (affirmative link between appellant
and marijuana established where appellant possessed the key to the lock on a
spare tire where drugs were found); Whitworth
v. State, 808 S.W.2d 566, 570 (Tex. App. – Austin 1991, pet. ref’d)
(appellant’s possession of the key to the location where marijuana was found
reasonably implies his control over it). 
Additionally, a strong odor of marijuana was present, the marijuana was
enclosed in the van, and a large amount of marijuana was found.  See,
e.g., Whitworth, 808 S.W.2d at
569-70 (strong odor of marijuana found in vehicle’s trunk is an affirmative
link establishing requisite element of actual care, custody, control, or
management of drugs); Robinson v. State,
174 S.W.3d 320, 327 (Tex. App. – Houston [1st Dist.] 2005, pet. ref’d) (whether
contraband is found inside an enclosed space is an affirmative link and a
vehicle containing the contraband is an enclosed space); Allen v. State, 249 S.W.3d 680, 698 (Tex. App. – Austin 2008, no
pet.) (the presence of a large quantity of drugs strengthens the inference that
the accused was aware of the drugs); Roberson
v. State, 80 S.W.3d 730, 740 (Tex. App. – Houston [1st Dist.] 2002, pet
ref’d) (the presence of a significant amount of drugs is an affirmative link
connecting the accused to the contraband). 
We find the logical force of all the evidence presented at trial
sufficiently established a link between Appellant and the marijuana.  See Evans, 202 S.W.3d at
162.

As the sole judge of the credibility of the
witnesses, the jury was permitted to disbelieve Appellant’s claims that he only
accepted a job to work on a van that he was told was not working, that he was
unaware the van contained marijuana, that he had no intention of loading or
unloading drugs from the van, that he did not see any bundles in the back of
van, that there was no smell of marijuana, and further explained that he raised
his hands in the air when an officer pointed a gun at him and told him to do so.  See Brooks, 323 S.W.3d at 899; Hooper,
214 S.W.3d at 13.  Additionally, as the
State notes, the jury was entitled to draw an adverse inference from the story
advanced by Appellant to explain his involvement with the van in which the
marijuana was found.  See Bethancourt-Rosales v. State, 50
S.W.3d 650, 655-56 (Tex. App. – Waco 2001, pet. ref’d) (the jury was free to
infer guilty knowledge from the implausibility of Appellant’s story); see also United States v. Casilla, 20
F.3d 600, 604-06 (5th Cir. 1994) (implausible explanation by defendant about
how he came to be driving a van with cocaine hidden inside was part of the
circumstantial evidence from which the jury could infer the defendant had
knowledge of the drugs in the van).

After reviewing the evidence in the light most favorable to
the verdict, we conclude there was legally-sufficient evidence presented at
trial from which a rational jury could find, beyond a reasonable doubt, that Appellant
exercised care, custody, control, or management over the marijuana and
knew that substance he possessed was marijuana.  See
Johnson v. State, 23 S.W.3d 1, 14 (Tex. Crim. App. 2000) (great deference
is given to the jury on deciding the weight of the evidence and the credibility
of the witnesses).  Issue One is overruled.

CONCLUSION

The
trial court’s judgment is affirmed as reformed.

 

 

 

                                                                        GUADALUPE
RIVERA, Justice

January 16, 2013

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating

 

(Do Not Publish)











[1]
At trial, Detectives Perales and Apodaca identified Appellant as the man they
saw open the van.





[2]
Detective Perales testified that he did not instruct Appellant to raise his
hands and that he did not draw a weapon on Appellant.  Detective Apodaca testified that neither he
nor anyone else in his unit pulled a weapon on Appellant.





[3]
Downs collected as evidence the marijuana found in the van.





[4]  We note that the written
judgment reflects that Appellant pleaded guilty to the offense.  However,
this is contrary to the record.  Therefore, we reform the clerical error
in the written judgment to reflect that Appellant pleaded not guilty to the
charged offense.  See Tex. R.
App. P. 43.2(b).